UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

PEMA JANGMO,

               Petitioner,

     v.                                  20-CV-256 (JLS)

WILLIAM BARR, CHAD WOLF,
MATTHEW ALBENCE, THOMAS
FEELEY, JEFFREY SEARLS,

               Respondents.

───────────────────────────────

## DECISION AND ORDER

Petitioner Pema Jangmo commenced this habeas proceeding pursuant to 42 U.S.C. § 2241, challenging her continued detention in the custody of the United States Department of Homeland Security Immigration and Customs Enforcement ("DHS/ICE"). Respondents (hereinafter "the Government") filed a motion to dismiss the petition as moot, Dkt. 4, based on Jangmo's release pursuant to an Order of Supervision, Dkt. 4-1.

For the reasons below, the Court grants the motion to dismiss and dismisses the Petition as moot.

## BACKGROUND

Petitioner Pema Jangmo filed this petition pursuant to 28 U.S.C. § 2241 on February 28, 2020, arguing her detention in the custody of DHS at the Federal Detention Facility in Batavia, New York, violates the Due Process Clause of the

Constitution and the Immigration and Nationality Act.  Dkt. 1.  Her petition states

she is a Tibetan refugee who was born in India and is stateless.  Dkt. 1 ¶ 14.

Jangmo was admitted to the United States, pursuant to a validly issued B-2 visa, on

October 6, 2008, with authorization to remain until April 5, 2009.  Dkt. 1 ¶ 15.   On

October 28, 2009, Jangmo was arrested by ICE.  Dkt. 1 ¶ 18.  Following

immigration proceedings, Jangmo was ordered removed on January 15, 2013, and

this order was affirmed when the Board of Immigration Appeals dismissed her

appeal on December 5, 2014.  Dkt. 1 ¶ 18.  On April 2, 2015, Jangmo's bond was

breached because she failed to surrender for removal, based on her fears of

returning to India.  Dkt. 1 ¶ 18.  On May 19, 2019, the U.S. Customs and Border

Protection arrested Jangmo near Ogdensburg, NY, and she has been in custody at

the federal detention facility in Batavia since that date.  Dkt. 1 ¶¶ 7, 19.

Jangmo filed the instant petition on February 28, 2020, arguing that her

continued administrative custody at DHS/ICE was in violation of her constitutional

rights and the statute.  Dkt. 1.  Specifically, Jangmo requested the Court grant her

petition and order the Government to release her on reasonable conditions of

supervision or, in the alternative, provide her with a constitutionally adequate bond

hearing before an impartial adjudicator where the Government bears the burden of

justifying her continued detention.  Dkt. 1, at 2-3.

On March 10, 2020, this Court ordered the Government to file an answer or

motion to dismiss the petition within 45 days of service of the order.  Dkt. 2.  On

April 7, 2020, the Government moved to dismiss the petition as moot because

Petitioner had been released from custody on March 19, 2020, pursuant to an Order of Supervision.  Dkt. 4, 4-1.  Petitioner filed a response on April 9, 2020, arguing that the petitioner is not mooted.  Dkt. 7.  The Government replied on April 13, 2020.  Dkt. 8.

## DISCUSSION

Federal courts have jurisdiction under 28 U.S.C. § 2241 to grant writs as to aliens who are "in custody under or by color of the authority of the United States." 28 U.SC. § 2241; *see Denis v. DHS/ICE of Buffalo, New York*, 634 F. Supp. 2d 338, 340 (W.D.N.Y. 2009).  When a habeas petitioner has been released from custody after filing a petition, the petition may be moot.  *See, e.g.*, *Agoro v. Herron*, No. 10-CV-1055 (MAT), 2012 WL 1909214, at *2 (W.D.N.Y. May 25, 2012).  The relevant inquiry is whether the case still presents a case or controversy under Article III, Section 2, of the Constitution.  *See id.* (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).  A case is moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."  *Harvey v. Holder*, 63 F. Supp. 3d 318, 320 (W.D.N.Y. 2014) (citing *Jackson v. Holder*, 893 F. Supp. 2d 629, 631 (S.D.N.Y. 2012)).  In the habeas context, a released petitioner must demonstrate "collateral consequences [of the detention] adequate to meet Article III's injury-in-fact requirement."  *Spencer*, 523 at 7; *Xing Jian Yu v. Sessions*, No. 6:17-cv-06699-MAT, 2019 WL 4258892, at *2 (W.D.N.Y. Sept. 9, 2019).

Here, Jangmo's habeas petition challenges only the lawfulness of her administrative detention by DHS, and the sole relief she seeks is release from

custody or, alternatively, a constitutionally adequate bond hearing.  Dkt. 1, at 2-3.
On March 19, 2020, Petitioner was released from DHS's custody pursuant to an
Order of Supervision.  Dkt. 4-1.

"The district courts in this Circuit to have considered the issue have found
that where an alien challenging his detention under 28 U.S.C. § 2241 is released
during the pendency of his petition under an order of supervision, the petition is
rendered moot."  *See, e.g.*, *Masoud v. Filip*, No. 08-CV-6345-CJS-VEB, 2009 WL
223006, at *5 (W.D.N.Y. Jan. 27, 2009) (collecting cases); *see also Watson v. Orsino*,
No. 13 Civ. 1631(LGS), 2013 WL 4780033, at *1 (S.D.N.Y. May 31, 2013).  The fact
that Jangmo was released subject to an Order of Supervision imposing some
restrictions on her does not create a live case or controversy, nor does the fact that
she might be returned to custody in the future.  *See Sokolov v. Holder*, No. 13 Civ.
0947 (PAE), 2013 WL 12377011, at *3-4 (S.D.N.Y. Aug. 13, 2013) ("Any future
detention based on a violation of the Order of Supervision would not be a 'collateral
consequence' of the detention challenged in the petition, but of [petitioner's] final
order of removal, which he does not contest here.").  Petitioner also has not
indicated how she specifically is in foreseeable danger of arbitrary detention under
Respondents' discretionary regulatory authority.  *See Leybinsky v. U.S. Immigr.
and Customs Enf't*, 553 Fed. App'x 108, 110 (2d Cir. 2014) (summary order).

This Court is not aware of, nor has Petitioner indicated, she suffers from any
"collateral consequences" of detention now that she is no longer in custody.  *See
Musheyev v. Barr*, No. 6:19-cv-06729-MAT, 2020 WL 735712, at *1 (W.D.N.Y. Feb.

13, 2020) (noting it is "hard to imagine any possible 'collateral consequences'" of petitioner's detention, and that petitioner has not specified any such consequences, after petitioner was released from DHS custody pursuant to an Order of Supervision).  Nor is this a case involving any other exception to mootness.[1]  *See Hubacek v. Holder*, No. 13-CV-1085C, 2014 WL 1096949, at *2 (W.D.N.Y. Mar. 19, 2014) (finding none of the mootness exceptions applies to petitioner released pursuant to an order of supervision); *see also Leybinsky*, 553 Fed. App'x at 109-10 (finding petitioner's release from ICE custody pending removal following final order of removal mooted his habeas petition, and the "capable of repetition but evading review" exception doctrine did not apply).

Here, as a result of Jangmo's release from DHS custody, her petition for a writ of habeas corpus is moot.  Accordingly, this Court lacks subject matter jurisdiction to examine the merits of her petition.

---

[1] This Court agrees with the Government that Petitioner has not distinguished her case from *Hubacek*, which rejected a number of mootness exceptions.  In that case, the court determined that fear of future detention is insufficient to meet Article III's injury-in-fact requirement for federal subject matter jurisdiction.  *Hubacek*, 2014 WL 1096949, at *2.  As for the capable-of-repetition-yet-evading-review exception, *Hubacek* had not shown a "reasonable expectation" that he would be subjected to the same action—unreasonably long detention—again.  *Id.*  The court even noted that petitioner was able and "required by law" to prevent that possibility by complying with the conditions set forth in the order of supervision.  *Id.*  Furthermore, the court rejected voluntary cessation argument because there was no indication DHS released the petitioner from custody with the sole purpose of preventing judicial review of the legality of detention pending execution of the final order of removal.  *Id.*

## **CONCLUSION**

For the foregoing reasons, Respondents' motion to dismiss (Dkt. 4) is granted.

Petitioner's habeas petition (Dkt. 1) is dismissed without prejudice as moot.  The

Clerk of the Court is directed to close the case.


SO ORDERED.

Dated:          April 16, 2020
               Buffalo, New York


                                    s/ John L. Sinatra, Jr.
                                    JOHN L. SINATRA, JR.
                                    UNITED STATES DISTRICT JUDGE